CATHERINE NICOLE
DONKERS, et al.,

          Plaintiffs,                  **CIVIL ACTION NO. 07-CV-11220-DT**

    vs.

                                **DISTRICT JUDGE DAVID M. LAWSON**

REBECCA A. CAMARGO,        **MAGISTRATE JUDGE MONA K. MAJZOUB**
et al.,
          Defendants.

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:**  This Court recommends that Defendant Transportation Security Administration's Motion to Dismiss filed on March 30, 2007 (docket nos. 9, 10) be **GRANTED**.

**II.**    **REPORT:**

    This matter comes before the Court on the Motion to Dismiss filed by Defendant Transportation Security Administration. (Docket nos. 9, 10). Plaintiffs have not responded to the Motion to Dismiss, and the time for responding has now expired. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11). The matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

    *A.*    *Factual Background*

    Plaintiffs filed this action in state court. Defendant Transportation Security Administration (TSA) removed it to this Court on March 21, 2007. (Docket no. 1). Plaintiffs are proceeding *pro se.* They raise 39 causes of action against Defendants who are Wayne County Airport Authority employees (primarily police officers), the Airport Authority itself, the TSA, TSA individual agents, and an Assistant Prosecuting Attorney for Wayne County, Michigan. Plaintiffs allege that on February 28, 2005 Plaintiff

Sylvia Donkers was selected for secondary screening at a TSA security checkpoint at the Detroit Metropolitan Wayne County Airport. Plaintiff Catherine Donkers was accompanying her. Plaintiff Sylvia Donkers was allegedly screened multiple times by TSA agents during which she claims she was unlawfully detained, assaulted, battered, and unlawfully arrested and imprisoned. Plaintiff Sylvia also alleges that Defendants violated her rights to be free from unreasonable searches and seizures and her right to commercial air travel because she missed her flight. Plaintiff Sylvia alleges that she has filed a claim under the Federal Tort Claims Act.

Meanwhile, Plaintiff Catherine had cleared the security checkpoint but stopped in the immediate area to wait for Sylvia who was still in the screening process. Plaintiff Catherine alleges that she was approached by Airport Police officers who eventually arrested her. She alleges that Defendants assaulted her, battered her, and maliciously prosecuted her on several charges. Plaintiff Catherine also alleges that her rights to be free from illegal searches and seizures were violated. Finally, Plaintiff Catherine alleges that her right to commercial air travel was violated and that she was subjected to excessive force and was detained without probable cause.

Plaintiffs seek as relief monetary damages. They also ask for Defendant Martini to publish a retraction of his allegedly defamatory statements.

*B.    Claims*

Plaintiffs raise 39 causes of action in their First Amended Civil Complaint. (Docket no. 1). In their First Cause of Action, Plaintiffs allege that the "TSA Defendants" who they name as Defendants Jabtecki, Smith, John Doe # 1, John Doe # 2, John Doe # 3, and Jane Doe # 4, falsely arrested and imprisoned Plaintiff Sylvia. In their Second Cause of Action, Plaintiffs allege that the "TSA Defendants" committed two counts of simple battery upon Plaintiff Sylvia. In their Third Cause of Action, Plaintiffs allege that Defendant John Doe # 2, a TSA agent, assaulted Plaintiff Sylvia. Plaintiffs'

Fourth Cause of Action alleges that the "TSA Defendants" violated Plaintiff Sylvia's federal right to be free from an unreasonable search. Plaintiffs' Fifth Cause of Action alleges that the "TSA Defendants" violated Plaintiff Sylvia's federal right to be free from unreasonable seizure. In their Sixth Cause of Action, Plaintiffs allege that the "TSA Defendants" violated Plaintiff Sylvia's federally protected right to commercial air travel. Plaintiffs' remaining causes of action allege claims only against the Defendants associated with Wayne County, primarily Wayne County Airport Authority police officers.

### C.       Standard of Review

Defendant TSA moves to dismiss Plaintiffs' Complaint as to it under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, 12(b)(1) for lack of subject matter jurisdiction, and 12(b)(5) for insufficiency of service of process. Dismissal under Rule 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiffs' complaint. *Id.* The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. *Id.*

### D.       Analysis

Defendant TSA moves for dismissal on several theories. It claims that it is protected by sovereign immunity on both Plaintiffs' tort and constitutional law claims. Defendant TSA also argues that Plaintiffs' Complaint fails to state a jurisdictional basis.

The Court finds an even more basic reason for granting Defendant TSA's Motion to Dismiss. Plaintiffs have simply failed to allege any claims against the agency itself. There is no allegation of wrongdoing by the agency in Plaintiffs' Amended Complaint. (Docket no. 1). Plaintiffs designate the "TSA defendants" in their First Cause of Action. The individual agents are included but the agency is not included in that designation. Plaintiffs fail to make any specific allegations regarding the agency

apart from the allegations against the "TSA defendants." Therefore, Defendant TSA should be dismissed from this action because Plaintiffs failed to state a claim upon which relief may be granted against it. Fed. R. Civ. P. 12(b)(6); *see Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (where complaint alleges no specific act or conduct by party and complaint is silent as to party except for name in caption, dismissal is proper even for *pro se* plaintiffs); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991) (dismissing defendants because complaint filed *pro se* named them in caption but filed to allege specific conduct by them in allegedly wrongful actions).

III.     **NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: July 18, 2007                              s/ Mona K. Majzoub
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Catherine Nicole Donkers, Slyvia Donkers and Counsel of Record on this date.

Dated July 18, 2007                               s/ Lisa C. Bartlett
                                                  Courtroom Deputy