UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE NICOLE
DONKERS, SYLVIA V.
DONKERS,

      Plaintiffs,           CIVIL ACTION NO. 07-CV-11220-DT

vs.

                              DISTRICT JUDGE DAVID M. LAWSON

REBECCA A. CAMARGO,      MAGISTRATE JUDGE MONA K. MAJZOUB
KEVIN BAUR, DONNA KAY
ZARRAS, VICTOR STAPLES,
DUGGAN LACEY, LORA
JABTECKI, LINDA SMITH,
JOHN DOE 1-3, JANE DOE,
WAYNE COUNTY AIRPORT
AUTHORITY, TRANSPORTATION
SECURITY ADMINISTRATION,
DENNIS FRANK MARTINI,
      Defendants.
_____/

## REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendants Wayne County Airport Authority, Dennis Frank Martini, Kevin Baur, Donna Kay Zarras, Victor Staples, and Duggan Lacey on January 25, 2008 (docket no. 32) be **GRANTED**, and that Counts 7-28, 30-39 be dismissed.

**II.**     **REPORT:**

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Wayne County Airport Authority, Dennis Frank Martini, Kevin Baur, Donna Kay Zarras, Victor Staples, and Duggan Lacey. (Docket no. 32). Plaintiffs have filed a Response.

(Docket no. 48). Defendants have filed a Reply brief. (Docket no. 52). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 11). This Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.  Factual Background**

Plaintiffs filed this action in state court. Defendant Transportation Security Administration (TSA) removed it to this Court on March 21, 2007. (Docket no. 1). Plaintiffs are proceeding *pro se*. They raise 39 causes of action against the Defendants who are Wayne County Airport Authority employees (primarily police officers), the Airport Authority itself, the TSA, TSA individual agents, and Defendant Camargo, an Assistant Prosecuting Attorney for Wayne County, Michigan. Plaintiffs allege that on February 28, 2005 Plaintiff Sylvia Donkers was selected for secondary screening at a TSA security checkpoint at the Detroit Metropolitan Wayne County Airport. Plaintiff Catherine Donkers was accompanying her. Plaintiff Sylvia Donkers was allegedly screened multiple times by TSA agents during which she claims she was unlawfully detained, assaulted, battered, and unlawfully arrested and imprisoned. Plaintiff Sylvia Donkers also alleges that Defendants violated her right to be free from unreasonable search and seizure and her right to commercial air travel because she missed her flight. Plaintiff Sylvia Donkers alleges that she has filed a claim under the Federal Tort Claims Act.

Meanwhile, Plaintiff Catherine Donkers had cleared the security checkpoint but stopped in the immediate area to wait for Sylvia Donkers who was still in the screening process. Plaintiff Catherine Donkers alleges that she was approached by Airport Police officers who eventually arrested her. She alleges that Defendants assaulted her, battered her, and maliciously prosecuted her

on several charges. Plaintiff Catherine Donkers also alleges that her rights to be free from illegal search and seizure were violated. Finally, Plaintiff Catherine Donkers alleges that her right to commercial air travel was violated, she was subjected to excessive force, and she was detained without probable cause.

**B.     Claims**

The specific counts put at issue by this motion are Counts 7-28 and 30-39. The district judge has already denied the motion to dismiss of Defendant Camargo on Count 29 as to an allegation of assault. (Docket no. 34). Otherwise, all claims against Defendant Camargo have been dismissed. The moving Defendants are not named in Counts 1-6, and those Counts are not involved in this motion. The counts at issue are a mix of federal and state law claims.

**C.     Standard**

Defendants rely upon Fed. R. Civ. P. 12(b) and 56(c). Because both parties have submitted evidence outside of the pleadings the Court will apply the Rule 56 standard for summary judgment. Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could

reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**D. Analysis**

**1. Federal law claims**

In Count 7 Plaintiff Catherine Donkers alleges that Defendant Baur conducted an unreasonable search of her by coercing her into identifying herself. (Docket no. 1 at 36). Defendant Baur is an airport police officer. (Docket no. 1 at 8). Plaintiff alleges that she provided her name and mailing address to this Defendant. (Docket no. 1 at 21). When there are articulable facts supporting a reasonable suspicion that a person has committed a criminal offense, a police officer may ask a person for identification without violating the Fourth Amendment. *Hiibel v. Sixth Judicial Dist. Court of Nevada*, 542 U.S. 177, 185 (2004).

Plaintiff Catherine Donkers argues that Defendant Baur lacked a reasonable suspicion that she had committed a criminal offense. However, Defendant Baur had been called to the airport screening checkpoint by the TSA agents and the agents reported to Defendant Baur that Plaintiff Sylvia Donkers was refusing to be screened. (Docket no. 1 at 18). Whether Plaintiff Sylvia Donkers in fact refused to be screened is immaterial. The evidence of record is that Defendant Baur was told by one TSA agent that both Plaintiffs harassed the TSA agents during the screening process. (Docket no. 32 ex. C). Defendant Zarras, who responded to the checkpoint with Defendant Baur, was told by a different TSA agent that both Plaintiffs "ganged up" on the agent when she was attempting to wand them. (*Id.*). Federal law and regulations prohibit a person from interfering with security screening personnel in the performance of their duties. *See* 49 U.S.C. § 46503; 49 C.F.R. § 1540.109. Defendant Baur was justified in briefly detaining Plaintiff and asking for identification

information given the information he knew at the time. *Hiibel*, 542 U.S. at 185-86. Count 7 should be dismissed.

In Count 10 Plaintiff Catherine Donkers alleges that Defendants Baur, Zarras, and Staples (all airport police officers) violated her right to be free from unreasonable seizure by detaining her at the checkpoint. (Docket no. 1 at 39). Based upon the above authority, the Court finds that Defendants had reasonable suspicion to briefly detain Plaintiff. In addition, to the extent that in this Count Plaintiff challenges her arrest, Plaintiff was properly arrested based on an outstanding warrant revealed by the Defendants' database check while they were at the security checkpoint. (Docket no. 32 ex. C). Plaintiff concedes that a warrant from a Detroit court was issued for her in August 2004, although she alleges that the warrant was mistakenly issued. (Docket no. 48 at 11). Because this warrant established probable cause for Plaintiff's arrest, the question of whether probable cause existed for the other charged offenses is moot. *See Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990); *Edwards v. City of Philadelphia*, 860 F.2d 568, 575-76 (3rd Cir. 1988). Therefore, the Defendants' detention and arrest of Plaintiff did not violate her Fourth Amendment rights. *See Hiibel*, 542 U.S. at 185-86. Count 10 should be dismissed.

In Count 14 Plaintiff Catherine Donkers alleges that Defendants Baur, Zarras and Staples violated her Fourth Amendment right to be free of an unreasonable search by searching her purse at the checkpoint. (Docket no. 1 at 43-44). Plaintiff alleges that her purse was searched after she was arrested. (*Id*. at 21-22). Her purse was about ten feet away from her at the time of her arrest. (Docket no. 48, attachment, affidavit of Catherine Donkers at 4). In a search incident to arrest an officer may search the arrestee's person and the area from within which she might have obtained

either a weapon or something that could have been used as evidence against her.[1] *Chimel v. California*, 395 U.S. 752, 768 (1969). The authority to search includes the arrestee's baggage at the arrest scene even if the danger to the officers or the risk of evidence destruction has passed. *See United States v. Blevins*, 234 F.3d 1270, slip copy at *3 (6th Cir. Oct. 20, 2000) (unpublished). Ten feet is comparable to the distance an object might be away from an arrestee in a common residential room. The search of a room in which an arrest occurs is reasonable. *See Chimel*, 395 U.S. at 763 (discussing need for warrant to search room other than that in which arrest occurs). In addition, Plaintiff's purse accompanied her to the police station which provides further justification for Defendants to ensure that no weapons were inside her purse. (Docket no. 32 ex. C). Accordingly, Plaintiff's Fourth Amendment rights were not violated by the search of her purse. Count 14 should be dismissed.

In Count 16 Plaintiff Catherine Donkers alleges that Defendant Zarras violated her Fourth Amendment right to be free from an unreasonable search by searching Plaintiff's person. (Docket no. 1 at 47). This search occurred after Plaintiff's arrest. (*Id*. at 21-22). This was a valid search incident to arrest under *Chimel*. 395 U.S. at 762-63. Count 16 should be dismissed.

In Counts 19, 22 and 25 Plaintiff Catherine Donkers claims that Defendant Zarras used excessive force against her in the course of arresting her by handling Plaintiff by the jaw and using the leverage of that hold to direct Plaintiff into a nearby wall with reckless force, by handling Plaintiff by the upper arm and directing Plaintiff into the same wall with reckless force, and by causing Plaintiff to fall to the floor while handcuffed behind her back. (Docket no. 1 at 23, 50-58). Plaintiff claims that during all of these actions she was handcuffed and not resisting. (*Id*. at 22).

---

[1] The fact that Plaintiff had passed through security screening does not remove the possibility that she possessed a weapon.

Plaintiff further claims these acts resulted in her suffering mental anguish and emotional distress. (*Id*. at 50-58). Defendants contend that these actions do not show excessive force. (Docket no. 32 at 31).

The Court has reviewed the videotape of the security checkpoint area during the events at issue. (Docket no. 32 ex. F). The tape shows one incident, at the time mark of 7:28:8-20, of Defendant Zarras directing Plaintiff to the wall when she is handcuffed. This act of "directing" Plaintiff is not violent. Moreover, just before this occurred Plaintiff is moving her arms and handcuffed hands in a squirming type of motion as if she may be attempting to adjust the handcuffs. The tape a few seconds later shows Plaintiff walking and then falling to the floor while surrounded by officers. The tape does not show whether Plaintiff was pushed to the floor or simply tripped on her luggage. The fall was not marked by violence.

In determining whether Defendant Zarras used excessive force the Court must ask whether her actions, in light of the totality of the circumstances, were objectively reasonable. *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). The specific facts of each case are key. Relevant considerations are the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or fleeing. (*Id*. at 396). There is no showing that Plaintiff was posing an immediate threat to the safety of anyone. The crimes she was suspected of were not serious. There is no evidence that she was resisting arrest. The gratuitous use of force on a suspect who has already been subdued and placed in handcuffs is unconstitutional. *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir. 1988); *Bultema v. Benzie Co.*, 146 Fed. App'x 28, 35-36 (6th Cir. 2005). However, the force used in those cases,

striking with a nightstick and spraying with pepper spray, is much more extreme than that alleged in this case.

Defendants plead qualified immunity. (Docket no. 32). Under this doctrine, governmental officials performing discretionary functions generally are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Plaintiffs have not identified any cases which might have placed Defendants on notice that their actions would violate Plaintiff's clearly established constitutional rights. Considering the most factually analogous cases this Court found, summary judgment is appropriate on Plaintiff's claims of excessive force. *See Foster v. Metropolitan Airports Comm'n*, 914 F.2d 1076, 1082 (8th Cir. 1990) (affirming granting of summary judgment on claim of excessive force involving two pushes to wall on way to holding area and handcuffing too tightly); *Buxton v. Nolte*, 473 F. Supp. 2d 802, 811-13 (S.D. Ohio 2007) (events occurred January 2005; granting summary judgment on claims of excessive force involving push of head to wall with forearm causing cut on forehead and causing arrestee to fall and break bone in wrist). This Court concludes that Plaintiff's allegations of excessive force do not rise to the level of a constitutional violation; however, even if they do, Defendants' actions did not violate a clearly established right of which a reasonable police officer would have known. Summary judgment should be granted on Counts 19, 22 and 25.

In Count 27 Plaintiff Catherine Donkers alleges that Defendants Zarras, Baur, and Staples deprived her of her right to commercial air travel. (Docket no. 1 at 59). This Court has already determined that Defendants lawfully detained Plaintiff and then lawfully arrested her. Even if she has a federal right to commercial air travel, this right does not override the Defendants' lawful

detention of Plaintiff and subsequent arrest. *See Jones v. Helms*, 452 U.S. 412, 419 (1981) (no right to travel in face of arrest and temporary detention). Count 27 should therefore be dismissed.

The last two federal claims, Counts 36 and 38, are for violations of Plaintiff Catherine Donkers' due process rights by the withholding of the supposedly exculpatory video and audio tapes of the screening checkpoint incident. (Docket no. 1 at 81-87). Because Plaintiff was not convicted of any offense, these claims lack merit. *Becker v. Kroll*, 494 F.3d 904, 924 (10th Cir. 2007). Plaintiff has recognized this fact and in her Response brief withdraws these claims. (Docket no. 48). Therefore, Counts 36 and 38 should be dismissed.

    **2. State law constitutional claims**

Plaintiff agrees in her Response brief to withdraw these claims because they are duplicative of her federal constitutional claims. (Docket no. 48 at 19). Accordingly, Counts 8, 11, 15, 17, 20, 23, 26, 37 and 39 should be dismissed.

    **3. State law tort claims**

Counts 9, 12, 13, 18, 21, 24, 28, 30, 31, 32, 33, 34, and 35 are state law tort claims. Given the few federal claims, if any, that may remain in this action, these state law claims threaten to substantially predominate over the claims over which this Court has original jurisdiction. Under such circumstances federal law recognizes that district courts may decline to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367(c)(2). Federal district courts have declined to exercise supplemental jurisdiction over state law claims in similar cases. *See Turner v. French*, 2008 WL 783757 (E.D. Mich. Mar. 21, 2008) (claims of assault and battery and negligence); *Smelley v. City of Detroit*, 2007 WL 4326905 (E.D. Mich. Dec. 7, 2007) (noting the differences between federal excessive force claims and state law assault and battery claims). Accordingly, this

Court should decline to exercise jurisdiction over Counts 9, 12, 13, 18, 21, 24, 28, 30, 31, 32, 33, 34, and 35, and either remand them to state court or dismiss them without prejudice.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 30, 2008        s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy fo this Order was served upon Catherine Donkers and Sylvia V. Donkers, Counsel of Record on this date.

Dated: July 01, 2008          <u>s/ Lisa C. Bartlett          </u>
                              Courtroom Deputy