UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CATHERINE NICOLE
DONKERS, SYLVIA V.
DONKERS,

      Plaintiffs,           CIVIL ACTION NO. 07-CV-11220-DT

vs.

                                  DISTRICT JUDGE DAVID M. LAWSON

REBECCA A. CAMARGO,        MAGISTRATE JUDGE MONA K. MAJZOUB
KEVIN BAUR, DONNA KAY
ZARRAS, VICTOR STAPLES,
DUGGAN LACEY, LORA
JABTECKI, LINDA SMITH,
JOHN DOE 1-3, JANE DOE,
WAYNE COUNTY AIRPORT
AUTHORITY, TRANSPORTATION
SECURITY ADMINISTRATION,
DENNIS FRANK MARTINI,
      Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR SECURITY FOR COSTS

This matter comes before the Court on the Motion for Security for Costs filed by Defendants Martini, Wayne County Airport Authority, Kevin Baur, Donna Kay Zarras, Victor Staples, and Duggan Lacey. (Docket no. 33). Plaintiffs have filed a Response. (Docket no. 41). Defendants filed a Reply. (Docket no. 45). Pretrial matters have been referred to the undersigned for decision. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

Defendants argue that this Court has the discretion to order Plaintiffs to post $100,000 cash or bond as security for the costs of this action because Plaintiffs raise claims of dubious merit, lack

-1-

financial responsibility, and Defendants will incur substantial expenses defending the action. (Docket no. 33; *see Soo Hardwoods, Inc. v. Universal Oil Prods. Co.*, 493 F. Supp. 76 (W.D. Mich. 1980)). Defendants do not rely on any specific federal statute or rule. In *Soo Hardwoods* the court stated that there was no general federal or civil rule governing the matter. Rather, the *Soo Hardwoods* court found that the authority to order a party to post a bond for costs rests in the discretion of the district court. *Soo Hardwoods*, 493 F. Supp. at 77. That case involved two businesses. In contrast, the Plaintiffs in this action are *pro se* litigants. Moreover, at least one of Plaintiffs' claims has survived summary dismissal. Finally, there is no showing that Plaintiffs are in a better position financially now than they will be in later in this action if a judgment is entered against them. Under these circumstances this Court declines to order that Plaintiffs post security for the costs of the action.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Security for Costs (docket no. 33) is **DENIED.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 30, 2008    s/ Mona K. Majzoub
                                                    MONA K. MAJZOUB
                                                    UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

       I hereby certify that a copy of this order was served upon Catherine Donkers, Sylvia V. Donkers and Counsel of Record on this date.

Dated; July 01, 2008          s/ Lisa C. Bartlett
                                        Courtroom Deputy